Filed 10/7/24  P. v. Perez CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MARIAH PEREZ, Defendant and Appellant. | B333789 (Los Angeles County Super. Ct. No. VA155232) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maria Davalos, Judge.  Affirmed.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

On August 4, 2020, Valerie P. (Valerie) said hello to Jessie Cortes (Cortes), a male acquaintance who walked past her with a bicycle.  A few seconds later, Valerie heard a woman say, "Don't say hi to my man."  Valerie turned around, and defendant and appellant Mariah Perez (defendant) stabbed her in the arm with a knife.  A passerby who witnessed the stabbing provided aid to Valerie and called 911.  Valerie's injury required surgery, and she was still suffering from the effects of the injury at the time of trial, more than two years later.

Defendant was tried on a charge of assault with a deadly weapon for stabbing Valerie.  The jury convicted her and found true several sentencing allegations: that defendant inflicted great bodily injury, that the crime involved great violence and great bodily harm, and that defendant was armed with and used a weapon at the time of the commission of the offense.  The trial court sentenced defendant to the mid-term of three years in state prison for the assault conviction and three more years in prison for the great bodily injury enhancement allegation.  The court awarded defendant 428 days of actual custody credit and 64 days of conduct credit, for a total of 492 days of credit.

Defendant appealed from the judgment of conviction and this court appointed counsel to represent her.  After examining the record, counsel filed an opening brief raising no issues.  On May 13, 2024, this court advised defendant she had 30 days to personally submit any contentions or issues she wanted us to consider.  We received no response.

We have examined the appellate record, and we are satisfied defendant's attorney on appeal has complied with the

responsibilities of counsel and no arguable issue exists.[1] (*Smith v. Robbins* (2000) 528 U.S. 259, 278-82; *People v. Kelly* (2006) 40 Cal.4th 106, 122-24; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.                                    KIM, J.

---

[1] Our review of the record reveals an apparent error in calculating defendant's custody credits. The record reflects defendant was in custody from the date of her arrest (March 21, 2021) until the date she posted a bail bond (June 29, 2021), which amounts to 101 actual days of custody. After defendant failed to appear for a hearing in October 2021, her bail was forfeited and a bench warrant was issued. Defendant was remanded to custody on September 21, 2022, where she remained until she was sentenced on September 1, 2023; this adds up to 346 additional actual days of custody. Adding the two period of custody results in 447 days of actual credit, but the trial court awarded only 428 days. In the absence of other arguable issues (and we see none), correction of defendant's credits is appropriately addressed in the trial court. (Pen. Code, § 1237.1.)